## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL L. DAWES**<br>**Administrator of the Estate of**<br>**Hassan Pratt** | ; : : : | **CIVIL ACTION NO.:  13 – 03162** |
| **v.** | : : : : | |
| **CITY OF PHILADELPHIA et al** | : : | |

## ORDER APPROVING SETTLEMENT
### and
### ORDER FOR DISTRIBUTION

**AND NOW** this _____ day of _____, 2013, upon consideration of the Petitioner to Approve Settlement and Distribution of Wrongful Death and Survival Actions, it is hereby Ordered and Decreed that Petitioner is authorized to enter into settlement with Defendants in the gross sum of Four Hundred and Sixty Five Thousand Dollars ($465,000.00).

It is further ORDERED and DECREED that the settlement proceeds be distributed as follows:

| | | |
|---|---|---|
| (A) | Moody & Shields Group LLC<br>For:  Attorney fees and costs | $  164,234.67 |
| (B) | Michael Dawes<br>For:  Wrongful Death Claim | $  301,186.83 |

BY THE COURT:

_____
                                    J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL L. DAWES** | ; | |
| **Administrator of the Estate of** | : | |
| **Hassan Pratt** | : | **CIVIL ACTION NO.:  13 – 03162** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **CITY OF PHILADELPHIA et al** | : | |
| | : | |

**PETITION TO APPROVE SETTLEMENT AND DISTRIBUTION OF
WRONGFUL DEATH AND SURVIVAL ACTIONS**

**TO THE HONORABLE JUDGES OF SAID COURT:**

The Petition of Michael Dawes, as Administrator of the Estate of Hassan Pratt, deceased, by and through his attorney Adrian J. Moody, Esquire of Moody & Shields Group, LLC respectfully represent:

1.      Petitioner is Michael Dawes, who is the Administrator of the Estate of Hassan Pratt.  On June 10, 2013, Petitioner filed the above-captioned Wrongful Death and Survival Action on behalf of the Estate of Hassan Pratt, as well as on his own behalf, in this Court.  The suit alleged that Defendant, City of Philadelphia and Police Officer Cyrus Mann caused Decedent death as a result of a Police shooting.  (Copy of Complaint is attached as **Exhibit "A"**).

2.      The Decedent, Hassan Pratt, Date of Birth: April 12, 1984; Social Security Number: 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, died from gunshot wounds on August 9, 2012 caused by Defendant, Cyrus Mann.  Decedent died intestate.  Decedent's death certificate is attached as **Exhibit "B"**.

3.      Petitioner was granted Letters of Administration on May 22, 2013.  A copy of the Short Certificate is attached hereto and marked as **Exhibit "C"**.

4.      Petitioner filed suit based upon Counsel's thorough review of investigators records and medical examiner's report to include photographs of the decedent, consultation with a Forensic Medical Expert, and Internal Affairs records concerning the investigation into the shooting.

5.     At the time of his death, Decedent was employed at Brown's Supermarket earning approximately Fifteen Thousand Dollars ($15,000.00) per year.

6.     Counsel on behalf of the Plaintiff engages in the following as part of his representation of the Estate and the cause of the Decedent death:

   A.   Reviewing statements of four (4) civilian witnesses;

   B.   Reviewing the Medical Examiner reports as well as photographs of the decedent;

   C.   Reviewing and consulting with an Investigator hired by the Plaintiff and reviewing statements and photographs of the scene;

   D.   Reviewing and consulting with a Forensic Medical Examiner on the issues in connection with liability;

   E.   Reviewing documents supplied by the City of Philadelphia Internal Affairs Department and consulting with the Forensic Expert regarding same;

   F.   Drafting of the Complaint and engaging in discovery practice;

   G.   Participating in and or taking five (5) depositions of parties on behalf of the Plaintiff and Defendant; and

   H.   Engaging with and consultant with an Economist to review the damages caused by the death of the decedent.

7.     After extensive litigation, on both liability and damages, Defendant offered settlement in the amount of Four Hundred Sixty Five Thousand Dollars ($465,000.00).  This monetary figure includes payment the whole claim.  Counsel is of the professional opinion that the proposed settlement is reasonable and fair given the liability and damages issues in the case.

8.     Additionally, the settlement was reach after Counsel and Petitioner participated in a Settlement Conference with the Magistrate.

9.     A copy of the Release signed by the Petitioner is attached hereto and marked as **Exhibit "D"**.

10.    As of today's date, Counsel has incurred expenses in the total amount of Nine Thousand Three Hundred Eighty Nine Dollars and Sixty Seven Cents ($9,389.67) for which reimbursement is sought.  (See cost sheet attached as **Exhibit "E"**.)

11.    Counsel intends to deduct attorney fees of 33.3% from the award for total attorney fees of One Hundred and Fifty Four Thousand Eight Hundred and Forty Five Dollars ($154,845.00).

12.    Therefore, the net amount Petitioner will receive is Three Hundred and One Thousand One Hundred and Eighty Six Dollars and Eighty Three Cents ($301,186.83).

13.    Petitioner requests allocation of the net proceeds of the settlement after deduction of costs and attorney fees as follows:

    a.    Wrongful Death Claim (100%).

14.    Pursuant to the Pennsylvania Intestacy Statutes, 20 Pa. C.S. §2101 (4) and 20 Pa. C. S. §2104, Petitioner and Decedent's issue are entitled to the following:

**NAME**

Michael Dawes      $301,186.83

15.    Petitioner's Counsel served a copy of this Petition to the sole intestate heir of Decedent (as provided in 20 Pa. C. S. §2101 et. Seq.) who is as follows:

| **NAME** | **ADDRESS** |
| --- | --- |
| Michael Dawes | 1213 Passmore Street<br>Philadelphia, PA 19111 |

16.    In addition, Petitioner served a copy of this Petition on the following interested party:

Pennsylvania Department of Revenue

**WHEREFORE,** Petitioner prays that he be permitted to enter into the settlement recited above, and that the Court enter and Order of Distribution as follows:

| | | | |
|---|---|---|---|
| (a) | To: | Moody & Shields Group, LLC | $ 164,234.67 |
| (b) | To: | Michael Dawes<br>For Wrongful Death Claim | $ 301,186.83 |

TOTAL   $  **465,000.00**

Respectfully submitted,

MOODY & SHIELDS GROUP, LLC

BY: _____
    ADRIAN J. MOODY, Esquire
    Attorney for Petitioner

Date: _12/27/13_____

## VERIFICATION

I, Michael Dawes, Administrator of the Estate of Hassan Pratt, Deceased, hereby state that I am the Petitioner in this action and verify that the statements contained in the foregoing Petition to Settle Wrongful Death and Survival Actions, are true and correct to the best of my knowledge, information and belief.

I understand that the statements in said Petition are made subject to the penalties of 18 Pa. C. S. §4904, relating to unsworn falsification to authorities.

MICHAEL DAWES, Administrator of the
Estate of Hassan Pratt, Deceased

Date: 12-27-13

# Exhibit "A"

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Estate of Hasan Pratt and Michael Dawes
1213 Passmore Avenue
Philadelphia, PA 19111

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adrian J. Moody, Esquire
1613 Spruce Street, Philadelphia, PA 19103
215-735-2400

## DEFENDANTS
City of Philadelphia and P.O. Cyrus Mann, #1781
1515 Arch Street, Philadelphia, PA  19102

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
*Other:*
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. ss 1983 and 1988, and 42 Pa. C.S.A. ss 8302 (Wrongful Death)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                              DOCKET NUMBER

DATE   6/6/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1213 Passmore Avenue, Phila., PA 19111

Address of Defendant: 1515 Arch Street, Phila., PA 19102

Place of Accident, Incident or Transaction: 56th Street betwen Walton and Pemberton, Phila., PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?    Yes ☐   No ☐

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Adrian J. Moody , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/6/13     Adrian J. Moody     35361
                  Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/6/13     Adrian J. Moody     35361
                  Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Est. of Hasan Pratt, et al                          :        CIVIL ACTION
                                                    :
                                v.                  :
                                                    :
City of Philadelphia, et al                         :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health       ( )
    and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from          ( )
    exposure to asbestos.

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special          ( )
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (XX)

| | | |
|---|---|---|
| 6/6/13 | Adrian J. Moody | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-2400 | 215-735-1628 | adiran@moodyshieldsgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------

**ESTATE OF HASSAN PRATT** by MICHAEL
DAWES, Administrator of the Estate of
HASSAN EUGENE PRATT, deceased
1213 Passmore Avenue
Philadelphia, PA 19111

    and

**MICHAEL DAWES**, father
1213 Passmore Avenue
Philadelphia, PA 19111    Plaintiff

    -v-

**CITY OF PHILADELPHIA**, a Municipal
Corporation having principal offices
located at
1515 Arch Street
Philadelphia, PA 19102

    and

**P. O.  CYRUS MANN, #1781**, Individually and
in his official, Professional capacity as a
Philadelphia Police Officer, having a main
office at the
Police Administration Building
750 Race Streets
Philadelphia, PA 19106    Defendants

-----------------------------------------------

CIVIL ACTION No.:_____

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

The above-captioned Plaintiffs claim of Defendants, individually and/or jointly

damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) upon causes

of action whereof the following is a statement:

1

## JURISDICTION, VENUE AND PARTIES

1.     Plaintiff brings this action under 42 U. S. C. §1983 and §1988.  Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.  The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiffs' causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

3.     Plaintiff ESTATE OF HASSAN PRATT, by MICHAEL DAWES, as administrator of the Estate of Hassan Eugene Pratt and in his own right as said decedent's father, pursuant to 42 Pa.  C.  S.  A. § 8301 (Wrongful Death) and 42 Pa. C. S.  A. § 8302 (Survival).  Administrator Dawes, and therefore the Estate of Hassan Eugene Pratt, resides at 1213 Passmore Avenue, Philadelphia, PA 19111.

4.     Plaintiff Michael Dawes was appointed Administrator by the Philadelphia County Register of Wills on the 22nd day of May, 2013, under Administrative Order No. A2276-2013.  (See attached Letters of Administration marked Exhibit A-1.

5.     The Plaintiff's Decedent is Hassan Eugene Pratt, who died on August 9, 2012 as the result of having been shot in the torso by Philadelphia Police Officer Cyrus Mann, Badge No. 1781 in an alley in the vicinity of 56th and Walton Avenue in the City and County of Philadelphia, Commonwealth of Pennsylvania.

6.     A Plaintiff is Michael Dawes, the natural father of decedent Hassan Eugene Pratt.  Michael Dawes brings this action in his own right as the decedent's natural

father.  Plaintiff Dawes resides at 1231 Passmore Avenue, Philadelphia, Pennsylvania, 19111.

7.  Plaintiffs bring this action under and by virtue of the Pennsylvania Wrongful Death Act, 42 Pa.  C. S. A. §8301, and the Survival Act, 42 Pa.  C.  S.  A. §8302, to recover damages legally appropriate thereunder, including, but not limited to damages for all hospital, medical, funeral, burial and estate administration expenses incurred, loss of support and contribution which the family would have received from the decedent from the time of his death for the duration of his work life expectancy; compensated for the pecuniary value of the services, society and comfort he would have given to his parents had he lived; and compensated for the loss of the services the decedent would have contributed to his parents,  and also for the net amount of money the decedent would have earned from the date of his death and would have earned between that date and the end of his life work expectancy; compensation for the mental and physical pain and suffering and inconvenience the decedent endured from the moment of his injury to the moment of his death.

8.  Plaintiffs' decedent did not bring an action during his lifetime for actual injuries or damages sought here.

9.  Defendant CITY OF PHILADELPHIA is (hereinafter "CITY") is a Municipal Corporation located in the Commonwealth of Pennsylvania, defined as a City of the First Class under the laws of the Commonwealth of Pennsylvania, and having principal offices located at 1515 Arch Street, Philadelphia, PA 19102.  Defendant CITY owns, operates, manages and directs the Philadelphia Police Department

(hereinafter "Philadelphia Police") as an Administrative organ, arm and Department of the City of Philadelphia which, in turn, employs the below-described Defendants.  The Police Department is responsible for providing police and law enforcement services for Defendant CITY and for investigating crimes that occur in Philadelphia County.  The Philadelphia Police have principal offices at the Police Administration Building, 750 Race Streets in the City and County of Philadelphia, Pennsylvania, 19106.

10.   A defendant is P. O. CYRUS MANN (hereinafter "Mann"), Badge Number 1781, an adult male and member of the Philadelphia Police Department, who has a main office located at the Police Administrative Building, 750 Race Streets, Philadelphia, Pennsylvania, 19106.  At all times relevant hereto, Defendant Mann was acting under color of law, in the course and scope of his duties and authority as a Philadelphia Police Officer, under the authority vested in him by Defendant CITY, and in furtherance of Defendant CITY's business and political purpose.

11.   Although Philadelphia Police Department policy, as embodied in Philadelphia Police Department Directive 10, authorizes officers to fire their weapons only to "prevent imminent death or serious bodily injury to either an officer or another person." as of August 2009, Defendant City of Philadelphia knew that it had one of the highest rates of police shootings it had had in almost ten years.

12.   As of August 2009, Defendant City of Philadelphia knew that its officers were often required to foot chase criminals or persons suspected of involvement of criminal activity, but did not provide its police officers any guidance or directives regarding whether, or under what circumstances, it was proper to foot chase an

unarmed fleeing person who had not committed any offense and who was not suspected of having committed any offense, and then to use deadly force on that unarmed fleeing person to subdue or apprehend them when they had not committed any crime.

13. As of August 2009, Defendant City of Philadelphia, by and through its numerous training officers and supervisors, failed to adequately and properly train, educate or supervise Philadelphia police officers as to when, or under what circumstances it was proper to foot chase an unarmed fleeing person who had not committed any offense and who was not suspected of having committed any offense, but then to use deadly force to subdue or apprehend the person even though the person had not committed any offense or was not suspected of having committed any offense.

14. Therefore, as a matter of policy, practice and custom, and with deliberate indifference to the rights of the person who might be chased, Defendant City of Philadelphia acquiesced and condoned Philadelphia police officers in the practice of foot chasing unarmed persons who had not committed any offense and who were not suspected of having committed any offense, but who had fled only, and then using deadly force to apprehend or subdue them.

15. As a result, Defendant City of Philadelphia was deliberately indifferent to the rights of individuals who had not committed any crime or offense, or who were not suspected of having committing any crime or offense, but who might be chased on foot by police officers for having done nothing more than flee, to be free from the use of excessive or deadly force in apprehending or subduing them.

16.   At all times relevant hereto, Defendant MANN knew or should have known that he was proscribed from taking unnecessary, overly aggressive and provocative actions against individuals, and that he was proscribed from using deadly force unless he believed that he was under threat of imminent but was deliberately indifferent to the rights of the people with whom he might come into contact.

17.   The Defendants individual and joint acts and failures to act, as described herein, deprived the Plaintiff's decedent, Hassan Pratt, of his Fourth Amendment rights to be free from the use by police of excessive force in apprehending or subduing him.

<h2 style="text-align:center">OPERATIVE FACTS</h2>

18.   On or about 6:30 PM, in the vicinity of 56th Street and Walton Avenue in the City and County of Philadelphia, Commonwealth of Pennsylvania, decedent Hassan E. Pratt and his brother, Mikaal Pratt, were passengers in an automobile being driven by Sean Salters, a relative, in the vicinity of 56th and Catherine Streets.

19.   More specifically, the automobile was being driven west on Catherine Street toward 56th Street in a safe and lawful manner.

20.   Around that same time, Defendant Mann and his partner, Officer Nguyen, were patrolling in a marked police vehicle on the same street, but in the opposite direction.

21.   As the two vehicles passed each other, Defendant Mann did a u-turn and began to follow the Plaintiff's vehicle.

22.   When the Plaintiff's vehicle made a safe and lawful right turn at 56th Street, Defendant Mann turned right behind them, flashed the lights of his patrol vehicle,

and proceeded to stop their vehicle.

23.   Because the Plaintiff's car was being driven in a safe and lawful manner, and had made a safe and lawful turn, Defendant Mann had no probable cause or other reason to stop the Plaintiff's vehicle.

24.   After stopping the Plaintiff's vehicle, Defendant Mann and his partner exited their police vehicle and began to walk toward the Plaintiff's vehicle.

25.   Reaching the driver's side of the Plaintiff's vehicle, Defendant Mann approached the driver, Sean Salters, and told him that he had made an illegal turn.

26.   In fact, however, Mr. Salters had made no such illegal turn, and the reason given by Defendant Mann for stopping the vehicle was entirely pretextual.

27.   Defendant Mann asked Mr. Salter for his driver's license, which Mr. Salter gave him; Defendant Mann then began walking back to the police vehicle with the license.

28.   As Defendant Mann returned to the police vehicle with Mr. Salter's license, Officer Nguyen began to question the Plaintiff and the other passenger in the vehicle.

29.   Philadelphia police officers are proscribed from precipitating the use of deadly force by placing themselves or others in jeopardy by taking unnecessary, overly aggressive or improper actions.

30.   After asking decedent Hassan Pratt and his brother, Mikaal, if there was any contraband in the vehicle, Officer Nguyen then ordered decedent Hassan Pratt and his brother out of the car saying that "For our protection, we need to check you out."

S:\CIVIL RIGHTS\CIVIL RIGHTS\PRATT, HASAN, ESTATE OF\COMPLAINT.doc

31. Mikaal Pratt exited the vehicle first, whereupon Officer Nguyen directed him to the rear of the vehicle where Officer Mann had returned and was waiting to search him, and then searched the back seat area where Mr. Mikaal Pratt had been seated.

32. As Mikaal Pratt was being searched by Defendant Mann, Officer Nguyen then ordered decedent Hassan Pratt out of the vehicle and began to search Mr. Pratt's person.

33. Driver Sean Salters remained in the vehicle as he had not yet been ordered out of it.

34. Neither Officer Nguyen nor Defendant Pratt had any probable cause to order any of the passengers out of the vehicle and then to search them.

35. Officer Nguyen's ordering Mikaal Pratt and his brother, decedent Hassan Pratt, out of the vehicle to search them was an unnecessary, overly aggressive or improper action.

36. As noted above, Defendant City of Philadelphia did not have in existence a Police Directive outlining or disclosing when it was proper to use deadly force to subdue a person who had not committed any crime, and was not suspected of having committed any crime, but who had only fled by foot.

37. As Officer Nguyen began to search decedent Hassan Pratt, finding no weapons or contraband, decedent Pratt became frightened and then took off running toward 55th and Walton Streets.

38. Officer Nguyen's ordering decedent Hassan Pratt out of the vehicle and then to begin searching his person, when decedent Pratt had posed no threat to the

officer was an unnecessary, overly aggressive or improper action.

39.   Seeing Hassan Pratt take off running, Defendant Mann chased after him.

40.   Shortly after Defendant Mann took off in pursuit of decedent Hassan Pratt, Officer Nguyen told Mikaal Pratt and Sean Salter to "stay put", and he, too, took off in pursuit of decedent Hassan Pratt.

41.   With Defendant Mann and Officer Nguyen in hot pursuit, Hassan Pratt ran into an alley that turned out to be a dead end.

42.   Because the alley into which Hassan Pratt had run was a dead end, decedent Hassan Pratt was trapped in the alley by Defendant Mann and Officer Nguyen and could not escape them.

43.   A Philadelphia police officer's primary duty is to "preserve human life."

44.   Decedent Hassan Pratt had not committed any offense and was not suspected of having committed any offense.

45.   Unarmed, decedent Pratt posed no threat of imminent death or serious bodily injury to either Defendant Mann, Officer Nguyen or any other person.

46.   Although decedent Hassan Pratt was unarmed, trapped and unable to escape, and posed no threat of imminent death or serious bodily injury to either officer, Defendant Mann shot decedent Hassan Pratt three times in the torso.

47.   Defendant Mann had no reasonable basis to believe that either he, Officer Nguyen or any other person was under any threat of imminent death or serious bodily injury.

48.   As a direct and proximate result of being shot by Defendant Mann, Hassan Pratt died.

49. Defendant Mann would not have shot Hassan Pratt, thereby depriving him of his rights to be secure in his physical person and to be free from excessive force and violence, had Defendant CITY not acquiesced in and condoned an unwritten policy of allowing police officers to foot chase unarmed people who had not committed any crime, or who were not suspected of having committed any crime, and then to use deadly force in subduing or apprehending them.

50. Defendant Mann only shot decedent Hassan Pratt, and decedent Hassan Pratt only died, because Defendant City had been deliberately indifferent to the rights of individuals who had not committed any crime or offense, or who were not suspected of having committing any crime or offense, but who might be chased on foot by police officers for having done nothing more than flee, to be free from the use of excessive or deadly force in apprehending or subduing them, and had a policy, practice and custom of allowing Philadelphia police officers to foot chase unarmed person who had not committed any crimes, or who were not suspected of having committed any crime, and then to use deadly force in apprehending or subduing them.

51. Defendant Mann would not have shot Hassan Pratt, thereby depriving him of his rights to be secure in his physical person and to be free from excessive force and violence, and decedent Hassan Pratt would not have died, had Defendant CITY trained, educated and supervised Defendant Mann in the proper manner of foot chasing unarmed people who had not committed any crime, or who were not suspected of having committed any crime, and then to using appropriate force or deadly force in subduing or apprehending them.

52.   Defendant Mann was deliberately indifferent to the Plaintiff's right to be free from the use of excessive force as described herein, and as a direct and proximate result of this deliberate indifference, Defendant Mann shot and killed decedent Hassan Pratt.

## FEDERAL CLAIMS

### COUNT I

### ESTATE OF HASSAN E. PRATT v. DEFENDANT CITY OF PHILADELPHIA
(Violation of 42 U. S. C. §1983; Deprivation of 4th Amendment Rights)

53.   The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

54.   The acts and failures to act of Defendants CITY, who acted or failed to act with deliberate indifference to the Plaintiff's rights, as described herein, under color of law caused the Plaintiff's decedent to be subjected to the deprivation of his rights, privileges or immunities as guaranteed him under the Fourth Amendment to the United States Constitution, specifically his right to be secure in his physical person and to be free from unnecessary violence and excessive force.

55.   The acts and failures to act of Defendant CITY, were proscribed by 42 U. S. C. §1983.

WHEREFORE, the Plaintiff demands judgment against Defendant CITY in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys fees as allowed by 42 U. S. C. §1988.

### COUNT II

### ESTATE OF HASSAN EUGENE PRATT v. DEFENDANT MANN
(Violation of 42 U. S. C. §1983; Deprivation of 4th Amendment Rights)

S:\CIVIL RIGHTS\CIVIL RIGHTS\PRATT, HASAN, ESTATE OF\COMPLAINT.doc

56. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

57. The acts and failures to act of Defendant Mann, who acted or failed to act with deliberate indifference, as described herein, under color or law, to the decedent's rights to be free from the use of excessive force in apprehending him, caused the Plaintiff's decedent to be subjected to the deprivation of his rights, privileges or immunities as guaranteed him under the Fourth Amendment to the United States Constitution, specifically his right to be secure in his physical person and to be free from unnecessary violence and excessive force as described herein.

58. The acts and failures to act of Defendant Mann were proscribed by 42 U. S. C. §1983.

WHEREFORE, the Plaintiff demands judgment against Defendant Mann in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys fees as allowed by 42 U. S. C. §1988.

## STATE LAW CLAIMS

## COUNT III:

### Plaintiff Michael Dawes -v- Defendants CITY and MANN
### (Wrongful Death)

59. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

60. Decedent's sole survivor is his father, Michael Dawes, who is entitled to recover damages for his death, and on whose behalf this action is brought pursuant to the Pennsylvania Wrongful Death Act 42 Pa. C.S.A. Section 8301 et seq.

61. Decedent's death was caused by the intentional, negligent, grossly negligent, unreasonable, wanton and deliberately indifferent conduct of Defendant MANN, and therefore Defendant CITY, in failing to adequately train, educate and supervise police officers, including Defendant MANN, in the proper manner of conducting foot pursuits of unarmed persons who had not committed any crime, and who were not suspected of having committed any crime, but who fled and were chased by police officers who then used deadly force to apprehend or subdue them, so as not to expose Philadelphia to unnecessary risks of harm and injury to their physical persons and/or the deprivation of their physical well-being.

62. As described above, Defendant MANN acted unlawfully, wantonly, unreasonably, maliciously, unnecessarily and/or with deliberate and reckless indifference to the health and welfare of the decedent and other unarmed members of the public at large with whom he might come into contact while in foot pursuit of such persons.

63. As described above, Defendant MANN, and therefore Defendant CITY, acted unlawfully, wantonly, unreasonably, maliciously, unnecessarily and/or with deliberate and reckless indifference to the health and welfare of the decedent and other unarmed members of the public at large who might be adversely affected by police officers untrained and uneducated in the proper manner of conducting foot pursuits of unarmed individuals and the use of deadly force in apprehending or subduing them.

64. As a direct and proximate result of defendants' individual and joint actions, decedent HASSAN E. PRATT, was unnecessarily caused extreme physical pain, mental anguish and suffering, and death, and was deprived of the enjoyment and

pleasure of life.

65. As a further direct and proximate result of defendants' individual and joint actions, decedent's survivors have suffered serious emotional pain and economic loss due to the wrongful death of their son and father, HASSAN E. PRATT.

66. As a direct and proximate result of defendants' individual and joint actions, decedent's survivors are entitled to recover damages for :

    (a)   the loss of the value of decedent's services;

    (b)   loss of decedent's comfort and society;

    (c)   contributions decedent would have made to the plaintiffs from his labor;

    (d)   all damages recoverable under the statute.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants CITY and MANN, individually and/or jointly, and request compensatory damages, punitive damages, reasonable attorneys fees and costs in a sum in excess of One Hundred Thousand Dollars ($100,000).

**COUNT IV:**

**Estate of HASSAN E. PRATT -v- Defendants City and MANN**
**(Survival Action)**

67. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

68. As a direct and proximate result of the Defendants' individual and joint actions as described herein, HASSAN E. PRATT suffered grievous bodily injury, and mental and physical pain and suffering, and death

69.     On behalf of the Estate of HASSAN E. PRATT, Michael Dawes, Administrator of

the Decedent's Estate, brings this action under the Pennsylvania Survival Act,

42 Pa. C.S.A. Section 8302, and claims for HASSAN E. PRATT's Estate

compensation for all damages suffered by HASSAN E. PRATT and recoverable

under the statute by reason of the grievous bodily injury, mental and physical

pain and suffering caused him by the Defendants, individually and jointly, as

described above.

WHEREFORE, the Estate of HASSAN E. PRATT demands judgment in its favor

and against Defendants City and MANN, individually and jointly, and requests

compensatory damages, punitive damages, inclusive of interest and reasonable

attorney's fees and costs in a sum in excess of One Hundred Fifty Thousand Dollars

($150,000).


Respectfully submitted,


_____/s/ AJM  8950_____
Adrian J. Moody, Esquire

# Exhibit "B"

# LOCAL REGISTRAR'S CERTIFICATION OF DEATH

WARNING: It is illegal to duplicate this copy by photostat or photograph.

ee for this certificate, $6.00



This is to certify that the information here given is correctly copied from an original Certificate of Death duly filed with me as Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent filing.

*Mary E. Teti*

AUG 1 6 2012

Local Registrar                    Date Issued

P 18670660

Certification Number

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS

## CERTIFICATE OF DEATH

State File Number: 12-03228

| 1. Decedent's Legal Name (First, Middle, Last, Suffix) Hassan Eugene Pratt | 2. Sex male | 3. Social Security Number | 4. Date of Death (Mo/Day/Yr) (Spell Mo) August 09, 2012 |
|---|---|---|---|

| 5a. Age-Last Birthday (Yrs) 28 | 5b. Under 1 Year Months Days | 5c. Under 1 Day Hours Minutes | 6. Date of Birth (Mo/Day/Yr)(Spell Month) April 19, 1984 | 7a. Birthplace (City and State or Foreign Country) Phila., PA |

| 7a. Residence (State or Foreign Country) Pennsylvania | 8b. Residence (Street and Number - include Apt No.) 5221 Larchwood Ave. | 7b. Birthplace (County) Philadelphia |
| 8c. Did Decedent Live in a Township? ☐ Yes, decedent lived in _____ twp. ☒ No, decedent lived within limits of Phila. city/boro. |

| 8d. Residence (County) Philadelphia | 8e. Residence (Zip Code) | |
| 9. Ever in US Armed Forces? ☐ Yes ☒ No ☐ Unknown | 10. Marital Status at Time of Death ☐ Divorced ☐ Married ☒ Never Married ☐ Widowed ☐ Unknown | 11. Surviving Spouse's Name (if wife, give name prior to first marriage) |
| 12. Father's Name (First, Middle, Last, Suffix) Michael Dawes | | 13. Mother's Name Prior to First Marriage (First, Middle, Last) Charlotte Pratt |

| 14a. Informant's Name Michael Dawes | 14b. Relationship to Decedent Father | 14c. Informant's Mailing Address (Street and Number, City, State, Zip Code) 1213 Passmore St., Phila., PA 19111 |

| 15. Place of Death (check only one) If Death Occurred in a Hospital: ☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival | If Death Occurred Somewhere Other Than a Hospital: ☐ Hospice Facility ☐ Nursing Home/Long-Term Care Facility ☒ Other (Specify) | ☐ Decedent's Home |

| 15a. Facility Name (if not institution, give street and number) 5549 Pemberton Street | 15c. City or Town, State, and Zip Code Philadelphia, PA 19143 | 15. County of Death Philadelphia |

| 16a. Method of Disposition ☒ Burial ☐ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify) | 16b. Date of Disposition 08/13/2012 | 16. Place of Disposition (Name of cemetery, crematory, or other place) Morgan Cemetery |

| 16d. Location of Disposition (City or Town, State, and Zip) Cinnaminson, NJ 08077 | 17a. Signature of Funeral Service Licensee or Person in Charge of Interment *Khal Alderman* | 17b. License Number FD-015229 |

| 17c. Name and Complete Address of Funeral Facility Khalijah Alderman Funeral Svc., 1924 W. Hunting Park Ave., Phila., PA 19140 |

| 18. Decedent's Education - Check the box that best describes the highest degree or level of school completed at the time of death. ☐ 8th grade or less ☒ 9th - 12th grade; no diploma ☐ High school graduate or GED completed ☐ Some college credit, but no degree ☐ Associate degree (e.g. AA, AS) ☐ Bachelor's degree (e.g. BA, AB, BS) ☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA) ☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD) | 19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino. ☒ No, not Spanish/Hispanic/Latino ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Puerto Rican ☐ Yes, Cuban ☐ Yes, other Spanish/Hispanic/Latino (Specify) _____ | 20. Decedent's Race - Check ONE OR MORE races to indicate what the decedent considered himself or herself to be. ☒ White ☐ Black or African American ☐ American Indian or Alaska Native ☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Other (Specify) _____ ☐ Korean ☐ Vietnamese ☐ Other Asian ☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan ☐ Other Pacific Islander |

| 21. Decedent's Single Race Self-Designation - Check ONLY ONE to indicate what decedent considered himself or herself to be. ☒ White ☐ Black or African American ☐ American Indian or Alaska Native ☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Korean ☐ Vietnamese ☐ Other Asian ☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan ☐ Other Pacific Islander ☐ Don't Know/Not Sure ☐ Refused ☐ Other (Specify) | 22. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED. Electrician |
| | 22b. Kind of Business/Industry |

| ITEMS 23a - 23d MUST BE COMPLETED BY PERSON WHO PRONOUNCES OR CERTIFIES DEATH | 23a. Date Pronounced Dead (Mo/Day/Yr) August 09, 2012 | 23b. Signature of Person Pronouncing Death (Only when applicable) | 23c. License Number |
| 23d. Date Signed (Mo/Day/Yr) | 24. Time of Death 6:48 PM | 25. Was Medical Examiner or Coroner Contacted? ☒ Yes ☐ No | |

## CAUSE OF DEATH

26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary

| | | Approximate Interval: Onset to Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. Gunshot Wounds to Torso | Due to (or as a consequence of): | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. | b. | Due to (or as a consequence of): |
| | c. | Due to (or as a consequence of): |
| | d. | Due to (or as a consequence of): |

| 26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I | 27. Was an autopsy performed? ☒ Yes ☐ No |
| | 28. Were autopsy findings available to complete the cause of death? ☒ Yes ☐ No |

| 29. If Female: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | 30. Did Tobacco Use Contribute to Death? ☐ Yes ☐ Probably ☐ No ☐ Unknown | 31. Manner of Death ☐ Natural ☒ Homicide ☐ Accident ☐ Pending Investigation ☐ Suicide ☐ Could not be determined |

| 32. Date of Injury (Mo/Day/Yr) (Spell Month) 8-09-12 | 33. Time of Injury 6:35 PM |

| 34. Place of Injury (e.g. home; construction site; farm; school) Road, Public | 35. Location of Injury (Street and Number, City, State, Zip Code) 5549 Pemberton Street Philadelphia PA 19143 |

| 36. Injury at Work ☐ Yes ☒ No | 37. If Transportation Injury, Specify: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other (Specify) | 38. Describe How Injury Occurred: Shot by Police |

| 39a. Certifier (Check only one) ☐ Certifying physician - To the best of my knowledge, death occurred due to the cause(s) and manner stated ☐ Pronouncing & Certifying physician - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated ☒ Medical Examiner/Coroner - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated |
| Signature of certifier: _____ | Title of certifier: Associate Medical Examiner | License Number: MD046950L | 39c. Date Signed (Mo/Day/Yr) 8-14-12 |

| 39b. Name, Address and Zip Code of Person Completing Cause of Death (Item 26) Edwin Lieberman, M.D., 321 University Avenue, Philadelphia 19104 |

| 40. Registrar's District Number 33-237 | 41. Registrar's Signature *Mary E. Teti* | 42. Registrar File Date (Mo/Day/Yr) August 14, 2012 |

43. Amendments

Item # 6
Should be MARCH 19, 1984

Disposition Permit No. 08041414

H105-143
REV 07/2011

# Exhibit

# "C"

## LETTERS OF ADMINISTRATION

### De Bonis Non
### REGISTER'S OFFICE
### PHILADELPHIA COUNTY, PA

Nº   A2276-2013

ESTATE OF   HASSAN EUGENE PRATT

Social Security No.   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

WHEREAS,   HASSAN EUGENE PRATT

late of   5251 LARCHWOOD AVE, PHILADELPHIA, PA 19139

died on the   9th   day of   August   ,   2012   ; and

WHEREAS, the grant of letters of administration is required for the administration of his estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration   d.b.n.

to   MICHAEL DAWES

who ha s   duly qualified as Administrator   - DBN   of the estate of the above named decedent and ha s   agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the   22nd   day of   May   2013

Deputy Register

10-36 (Rev. 10/99)

# Exhibit "D"

 CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

GENERAL RELEASE

Michael Dawes, Administrator of the
Estate of Hasan Eugene Pratt, deceased
c/o Adrian J. Moody, Esquire
MOODY & SHIELDS GROUP, LLC
2958 N. 22nd Street
Philadelphia, PA 19132

In Reply Please Refer To:
File No. 59413
Date:   December 27, 2013
Payable within 45 days of
receipt of executed &
notarized Release & W-9 form

**The lower portion of this form is a release.  Please read it carefully before signing.**

ESTATE OF HASAN PRATT, et al.
v.
CITY OF PHILADELPHIA, et al.
CIVIL ACTION NO. 13-3162

For and in consideration of the sum of  Four Hundred Sixty-Five Thousand Dollars ($465,000.00), I, **Michael Dawes, Administrator of the Estate of Hasan Eugene Pratt**, do hereby remise, release and forever discharge Police Officer Cyrus Mann and the City of Philadelphia, its agents, servants, workers or employees, and any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen, of all actual and/or potential liability accrued and hereafter to accrue on account of and from all, and all manner of, actions and causes of action, claims and demands whatsoever, either in law or equity, especially a claim for injuries and/or damages sustained on or about August 9, 2012 at or near 56th and Walton Avenues, Philadelphia, Pennsylvania which against the said Police Officer Cyrus Mann and City of Philadelphia, its agents, servants workers or employees, ever had, I, **Michael Dawes, Administrator of the Estate of Hasan Eugene Pratt**, now have, or which my heirs, executors, administrators or assigns, or any of them, hereafter can, shall or may have, for,

or by reason of any cause, matter or thing whatsoever arising from the above accident or incident.

By signing this release, plaintiff(s) affirms that any pending lien arising from benefits paid by the Department of Public Welfare or any other entity on account of any injuries arising from the above accident or incident has been or will be duly satisfied.

It is further understood that acceptance of this release and payment of the consideration herein named is not to be construed in any court whatsoever, or otherwise, as an admission of liability on the part of the said Police Officer Cyrus Mann and the City of Philadelphia, its agents, servants, workers or employees for the causing of the said accident or incident above referred to.

I, **Michael Dawes, Administrator of the Estate of Hasan Eugene Pratt**, waive any claims for additional damages or interest under Pennsylvania Rule of Civil Procedure 229.1 and Philadelphia Civil Rule 229.1.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the _27_ day of _December_ _2013_, two thousand and thirteen and do hereby declare that I voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and/or damages above-mentioned, known or unknown, foreseen or unforeseen, including, but not limited to, attorney's fees and costs.

Sworn to and subscribed before me
this 27 day of _December_, 2013.

_____
Notary Public

**MICHAEL DAWES, Administrator of**
**the Estate of Hasan Eugene Pratt,**
**deceased**
SS#: 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
DOB: 11/6/57

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STACY L. SHIELDS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 2, 2017

# Exhibit "E"

## EXPENSES IN THE ESTATE OF HASSAN PRATT v. CITY

| | | |
|---|---|---|
| ILS Investigation | $ | 1,553.50 |
| Arden Forensics | $ | 2,800.00 |

Deposition Expenses:

| | | | |
|---|---|---|---|
| Deposition of Nguyen | 234.66 | | |
| Deposition of Sgt. Douglas | 227.50 | | |
| Deposition of Sean Salter | 352.50 | | |
| Deposition of Michael Dawes | 457.50 | | |
| Deposition of Mikell Pratt | 365.00 | | |
| | | $ | 1,637.16 |

| | | |
|---|---|---|
| Clerk of Court Filing Fee | $ | 400.00 |
| David Hopkins, Economist | $ | 1,900.00 |
| Register of Wills | $ | 178.00 |
| Paul Birden, Esquire | $ | 270.00 |
| Medical Examiner (Photos) | $ | 247.01 |
| Medical Examiner (Report) | $ | 35.00 |
| Parking | $ | 16.50 |
| Lexis Nexus Records | $ | 227.50 |
| Photocopy, Postage, Telephone | $ | 125.00 |
| **TOTAL** | $ | **9,389.67** |